## LYONS AND BENNET v. JAMES DAVIS.

1. This court will not weigh the evidence on a *certiorari*, and will not reverse, unless it appears that some principle of law has been violated.

2. If evidence is improperly admitted because a writing was not produced, this court will not reverse if the writing was afterwards given in evidence.

This was a *certiorari* to the Court of Common Pleas of the county of Hudson in a case of appeal from the judgment of a justice.

Argued before Haines and Elmer, Justices, by *F. H. Teese*, for plaintiffs, and *S. B. Ransom*, for defendant.

The opinion of the court was delivered by

Elmer, J. The state of demand in this case claimed wages due to plaintiff, from October 20th, 1857, to January 20th, 1858. Judgment was rendered on the appeal in favor of the plaintiff below for forty-four dollars debt and costs.

The state of the case contains the evidence on both sides at length. Its relative weight, and the conclusions of fact to be drawn from it, are not questions to be considered on this *certiorari*. Unless it appears that some principle of law has

been violated, to the prejudice of the party prosecuting the writ, the judgment must be affirmed.

Evidence was produced that Davis had worked for Bennet & Co., and for Bennet alone, before the partnership of Lyons and Bennet was formed, which was on the 20th of October, 1857, and continued until the 20th of January, 1858, when it was dissolved. Some wages were due him for work previous to the partnership between Lyons and Bennet. When this partnership was formed, the hands previously employed refused to. continue working, unless the new firm would pay the arrearages, which both of them agreed to do. Davis continued to work, and Bennet, the resident partner, from time to time paid him money, without designating whether it was paid for the old wages or on account of the new firm. The old accounts were continued in the books, as if there had been no change of partners. After the dissolution of the firm, Mr. Lyons sent his son and two other persons to settle up the books. They went over Davis' account, and gave him a small book in the handwriting of the son, all of them being together, stating the balance due to him from Lyons & Bennet to be $36.75, and for this sum, with interest, the judgment appears to have been rendered.

It is immaterial now whether other evidence in the case did or did not show a different state of facts. For aught that appears, the court which tried this case, as judges of the fact as well as of the law, may have considered the weight of evidence to have established the facts as above stated; and if they did, their judgment was not erroneous. They had a right to infer, and we must presume did infer, that the payments made to Davis by Bennet were made and received to pay the old account until that was extinguished, and that the balance stated in the book to remain unpaid, was for work done for the new firm.

In the progress of the trial, the witnesses were asked certain questions in reference to the agency of Lyons' son, and the arrangement between Bennet and Lyons about paying the wages due the hands, and as to what Lyons said in reference

to paying them. These questions were objected to on behalf of the defendants below, on the ground that the articles of partnership and of dissolution, which were in writing, were the best evidence of them, and ought to be produced. But it appears, by the case, that both these papers were subsequently produced and read by the defendants; so that if the court erred, these errors became wholly immaterial, and were cured. 2 *South.* 765 ; *Kutzmeyer* v. *Ennis,* 3 *Dutcher* 372.

Even if these errors had not been thus rendered immaterial, they were not of such a nature as would have materially injured the defendant, and would not, therefore, have justified a reversal. The particulars of the son's agency were not important, and the declarations of Lyons, as to paying the hands, were facts outside of the writings.

The judgment must be affirmed.